# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DARREN PETTY,

        Plaintiff,

v.                                                     1:11-cv-1107-WSD

COKE COLA,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Darren Petty's ("Plaintiff") filing of a pleading entitled "Amended Complaint" [6].

## I.  BACKGROUND

Darren Petty ("Plaintiff") and "Coke Cola" [sic] ("Defendant") are Georgia citizens. (Civil Cover Sheet at 1). On April 6, 2011, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs [1] and a Complaint [3].

On October 6, 2011, Magistrate Judge Russell G. Vineyard granted his request to proceed *in forma pauperis* ("IFP") and directed [2] that the Complaint [3] be submitted to this Court, pursuant to 28 U.S.C. § 1915(e)(2), for a

determination if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On October 7, 2011, Plaintiff's Complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2) because the Court lacked subject matter jurisdiction and the Complaint failed to state a claim upon which relief can be granted.

On March 13, 2012, Plaintiff filed what the Court construes as a request to amend his original Complaint, which has since been dismissed, and add Mr. Muhtar Kent, President of Coca Cola, as an additional defendant.

## II. DISCUSSION

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) Citizens of different States . . . ." 28 U.S.C. § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405,

determination if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On October 7, 2011, Plaintiff's Complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2) because the Court lacked subject matter jurisdiction and the Complaint failed to state a claim upon which relief can be granted.

On March 13, 2012, Plaintiff filed what the Court construes as a request to amend his original Complaint, which has since been dismissed, and add Mr. Muhtar Kent, President of Coca Cola, as an additional defendant.

## II. DISCUSSION

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) Citizens of different States . . . ." 28 U.S.C. § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405,

410 (11th Cir. 1999). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id.

The Court determined that it lacked jurisdiction over the controversy between Plaintiff and Defendant because Plaintiff and Defendant are citizens of Georgia and the Complaint otherwise failed to allege a federal question. Once it made that determination, Plaintiff's Complaint was required to be dismissed.

Because the action was dismissed without prejudice, Plaintiff may still litigate his claims by bringing his claims in a court where there is jurisdiction, assuming that the statute of limitations has not run on his claims. The Court notes that the underlying contract that Plaintiff claims was breached was with Defendant Coca Cola. Adding Mr. Muhtar Kent as a Defendant to this action will not cure Plaintiff's jurisdictional problem in bringing his breach of contract claims in federal court because there will still be a lack of complete diversity between the parties since both Plaintiff and the party to the contract, Defendant Coca Cola, are Georgia citizens.

Because this is a closed case and the Complaint has been dismissed, there is no complaint that can be amended. Plaintiff's request to amend his original Complaint is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's request to amend his original Complaint [6] is **DENIED AS MOOT** because this action has been dismissed and the Court lacks subject matter jurisdiction.

**SO ORDERED** this 13th day of April, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE